IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVY ANDERSON and DAVID JOHNSON,

    Plaintiffs,                                  CIV. S-05-2321 LKK GGH PS

    vs.

CITY OF DAVIS, et al.,

    Defendants.                               ORDER

_____/

        Previously pending on this court's law and motion calendar for April 19, 2007, was defendants' motion to strike, filed March 13, 2007, and a scheduling conference set by this court. Plaintiffs Anderson and Johnson appeared in pro se. Defendants were represented by Bruce Kilday. After hearing, the court makes the following orders.

BACKGROUND

        This case concerns plaintiffs' claims of violation of their civil rights as African Americans by members of the Davis Police Department through harassment and discrimination.

        On August 29, 2006, defendants' motion to compel discovery was granted and plaintiffs were directed to produce all requested discovery by September 20, 2006. The discovery at issue was original videotapes from which plaintiffs had made the videotapes produced to defendants, as well as two requests for production of documents and two sets of

1

interrogatories. At that time, defendants' motion for sanctions was deferred pending production. On September 26, 2006, defendants renewed their motion for sanctions pursuant to Fed. R. Civ. P. 37 due to plaintiffs' lack of compliance with the rules of discovery and this court's order. At the October 19, 2006 hearing, this court stayed the motion for ten days to permit the case to settle, stating that it would issue an order after that time period if not settled. Due to a series of proceedings in the case, such as counsel's withdrawal, the parties consent to a magistrate judge and then withdrawal of that consent, and later reassignment to the undersigned as a pro se case, the discovery and sanctions issues were necessarily placed on hold. The motions were not resolved. On March 13, 2007, defendants filed a motion to strike miscellaneous filings.

I.  Motion to Strike

Defendants move to strike more than 24 miscellaneous filings by plaintiffs since November, 2006, as well as three documents filed after the motion to strike, because they are incomprehensible, rambling, and do not comply with the federal or local rules. Furthermore, most if not all of the filings were not served on defendants by plaintiffs. In addition to seeking an order striking these documents, defendants request that plaintiffs be ordered not to file further documents unless they conform with the law. Plaintiffs have filed two oppositions to the motion to strike which are rambling and off point.

The filings to which defendants refer are mostly those filed by plaintiffs after their counsel stopped representing them. Many of the documents constitute ex parte communication with the court, or attempt to amend or supplement the complaint improperly. They are not in compliance with the Federal Rules of Civil Procedure or the local rules. Therefore, defendants' motion is granted. In addition to the motion to strike, which encompasses docket numbers 27 through 63 which were filed by plaintiffs, and numbers 66 through 68, the court will *sua sponte* strike docket numbers 71 through 73.[1] Plaintiffs are prohibited from filing further documents in

---

[1] Docket #38, which consists of a booklet entitled, "Update of the 1989 Report on Racial Issues in Davis," six audiotapes and one DVD, will not be stricken.

1  this case until further order of the court.

2  II. Discovery Sanctions

3        Plaintiffs will be given one more opportunity to avoid the sanctions requested by
4  defendants. Plaintiffs are directed to appear at 10:00 a.m. on May 24, 2007, and produce all
5  outstanding discovery referenced in this court's order of August 29, 2006, and defendants'
6  September 26 and November 2, 2006 discovery and sanctions motions. (Docket numbers 18, 19,
7  26.)  If plaintiffs' former counsel, Jeffrey Fletcher, has in his possession any of the discovery,
8  plaintiffs are directed to either obtain it from him so that it will be produced at the hearing, or
9  subpoena Fletcher to appear at the hearing with any discovery he may have.

10       If plaintiffs comply with their discovery obligations, the case will then be
11 scheduled. Failure to comply will result in severe sanctions, including the possibility of
12 dismissal of this case.

13 CONCLUSION

14       Accordingly, IT IS ORDERED that:

15       1. Defendants' motion to strike, filed March 13, 2007, is granted. Those filings
16 from docket numbers 27 through 63 which have been filed by plaintiffs, with the exception of
17 docket number 38, as well as numbers 66, 67, 68, 71, 72, and 73, are stricken from the record.
18 Plaintiffs shall file no further documents with the court until further order.

19       2. Hearing for production of discovery is scheduled for May 24, 2007, at 10:00
20 a.m. Plaintiffs shall produce all outstanding discovery as outlined in this order.

21 DATED: 4/23/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Anderson2321.str.wpd

3