IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVY ANDERSON and DAVID JOHNSON,

       Plaintiffs,                              CIV. S-05-2321 LKK GGH PS

      vs.

CITY OF DAVIS, et al.,

       Defendants.                              ORDER

_____/

       On April 24, 2008, in response to the court's request for points and authorities and declarations to support their third amended motion to strike and motion to dismiss, filed November 13, 2007, defendants chose instead to withdraw their motion. Therefore, the court will address only defendants' pending motion to strike, filed November 13, 2007.

       Defendants third amended motion to strike seeks to strike numerous filings by plaintiffs since this court's previous order of April 24, 2007, which granted defendants' previous motion to strike and ordered plaintiffs to "file no further documents with the court until further order."[1] The instant motion to strike contends that many of the documents filed by plaintiffs since May, 2007 are not proper motions or pleadings, are rambling, conclusory, and "incoherent

---

[1] The court also ordered further documents stricken on October 1, 2007, not pursuant to a motion to strike, but rather on its own initiative. At that time, the court also directed plaintiffs to file no other documents except oppositions to defendants' motions.

nonsense," and do not comply with the federal or local rules.[2] Furthermore, some of plaintiffs' letters to the court constitute improper ex parte communications, and all pleadings violate this court's April 24, 2007 order. Plaintiffs have filed an opposition to the motion to strike; however, it addresses only the merits of their case and not the motion to strike. Oppo., filed November 26, 2007. In a previous opposition to an earlier motion to strike, plaintiffs stated only that this court is the only ears plaintiffs have, and that they were not trying to disobey the order but are suffering from much stress, high blood pressure and emotional stress. Oppo., filed October 9, 2007.

The filings to which defendants refer are almost exclusively improper and in violation of this court's orders. Many of the documents constitute ex parte communication with the court, or attempt to amend or supplement the complaint improperly. They are not in compliance with the Federal Rules of Civil Procedure or the local rules. Not only did the court specifically order that plaintiffs "file no further documents with the court until further order," it warned plaintiffs that failure to comply would result in severe sanctions, including the possibility of dismissal of this action. Order, filed April 24, 2007. Furthermore, the court was subsequently required to strike other documents for failure to comply with local rules, and directed plaintiffs to file no further documents other than oppositions. Order, filed October 1, 2007. Plaintiffs have also been warned directly at court hearings that their filings were in violation of court orders. Plaintiffs have continually disobeyed this court's orders by refusing to cease filing documents other than those ordered and necessary to this case.

Accordingly, IT IS ORDERED that Defendants' third amended motion to strike, filed November 13, 2007, is granted. Filings numbered 78, 81, 82, 84-100, 123, 124, 126, 127, 128, and 131 are stricken from the record. Plaintiffs shall file no further documents with the court other than oppositions to defendants' motions or pursuant to court order. Failure to comply

---

[2] This argument is taken from defendants' points and authorities filed in conjunction with their motion to strike, filed September 25, 2007. Although that motion was amended subsequently, the briefing from this earlier version of the motion is pertinent.

1 | with this order will result in severe sanctions, including a possible recommendation of dismissal
2 | of the action.
3 | DATED: 05/02/08                                          /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

5 | GGH:076/Anderson2321.str2