IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IVY ANDERSON and DAVID JOHNSON,

    Plaintiffs,                          CIV. S-05-2321 LKK GGH PS

    vs.

CITY OF DAVIS, et al.,

    Defendants.                          <u>ORDER</u>

/

        On April 24, 2008, defendants withdrew their third amended motion to dismiss, filed November 13, 2007. Therefore, the case will be scheduled.

<u>DISCOVERY</u>

        The original completion date for discovery was January 23, 2007, pursuant to Judge Karlton's order of January 17, 2006. That order was vacated when the case was reassigned to the undersigned. Nevertheless, the parties have had over a year in excess of the original discovery cutoff in which to complete discovery. Discovery is therefore closed.

<u>MOTION HEARING SCHEDULES</u>

        All law and motion shall be conducted so as to be completed by June 27, 2008. The word "completed" in this context means that all law and motion matters must be heard by the above date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This

1

paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial.  To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth supra.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set in courtroom #4 of the Honorable Lawrence K. Karlton on August 18, 2008, at 2:00 p.m.  Counsel are cautioned that counsel appearing for Pretrial will in fact try the matter.

All parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony. Counsel are referred to Local Rules 16-281 and 16-282 relating to the contents of and time for filing Pretrial Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 16-281 AND 16-282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding the provisions of Local Rule 16-281, which contemplates the filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a

JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case. See Local Rule 16-281(b)(3), (4), and (6).  The undisputed facts and disputed factual issues are to be set forth in two separate sections.  The parties should identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issue.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue.  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action.  The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial.  The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.[1]  The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.  If the case is tried to a jury, the undisputed facts will be read to the jury.

        Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall not be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.  The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

---

[1] However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the pretrial conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must prepare their Pretrial Statements, and participate in good faith at the pretrial conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

TRIAL SETTING

Trial is set for November 18, 2008 at 10:30 a.m. in Courtroom No. #4 before the Honorable Lawrence K. Karlton. Trial will be by jury. The court expects the trial will take approximately ten days.

SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the pretrial conference.

Pursuant to Fed. R. Civ. P. 16(b), THIS COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. All pretrial motions shall be completed as described herein on or before June 27, 2008.

2. Pretrial conference (as described in local rule 16-282) is set in this case for August 18, 2008 at 2:00 p.m. Pretrial statements shall be filed in accord with Local Rules 16-281 and 16-282.

3. This matter is set for jury trial on November 18, 2008, at 10:30 a.m.

IT IS SO ORDERED.

DATED: 05/05/08                                /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Anderson2321.sch2

4