1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9   IVY ANDERSON and DAVID JOHNSON,

10           Plaintiffs,                    CIV. S-05-2321 LKK GGH PS

11       vs.

12
    CITY OF DAVIS, et al.,
13
             Defendants.                    FINDINGS AND RECOMMENDATIONS
14   _____/

15           The patience of the court is exhausted.  Plaintiffs in this case violate simply stated

16   court orders, and when called to account for the violations, then plead their pro se status and

17   other individual factors.  The court forgives the transgression, orders further compliance only to

18   have the same or similar violations occur with the later, repeated pleas for compassion.  This

19   cycle has repeated itself too many times in this case filed in 2005.  Presently pending before this

20   court is defendants' motion to dismiss, filed May 27, 2008.  Plaintiffs have filed no less than nine

21   documents which might possibly be construed as oppositions to defendants' motion.  After

22   reviewing the motion and the most comprehensible opposition (docket #142), the court concurs

23   with defendants that the case must be dismissed.[1]

24

25       [1]  Defendants attempted to notice their motion prior to the law and motion cutoff of June
    27, 2008 (docket #133); however, due to this court's scheduling conflicts, they could not obtain
    an earlier hearing date.  In any event, the motion was taken under submission without a hearing
26   on June 26, 2008, the court having found that oral argument would not be of material assistance.

                                              1

1   BACKGROUND

2         Defendants move to dismiss the case for plaintiffs' failure to provide initial

3   disclosures and other discovery in accordance with defendants' requests, and violation of this

4   court's numerous orders.  The discovery ordered produced includes: production of documents

5   (set one), served February 9, 2006; original videotapes, ordered produced by May 24, 2007;

6   interrogatories (set two), served June 15, 2006; production of documents (set one), served June

7   15, 2006; production of documents (set two), served June 15, 2006; initial disclosures on

8   damages pursuant to Fed. R. Civ. P. 26(a)(1)(C), ordered produced by September 20, 2006; and

9   interrogatories (set one), served June 15, 2006.  See Orders filed August 28, 2006, April 24,

10  2007, and May 30, 2007.  Defendants cite to numerous other sets of interrogatories and requests

11  for production of documents to which plaintiffs have in no way responded.  Mot. at 4; Thorn

12  Decl., ¶ 8-9.

13  DISCUSSION

14        Rule 37 authorizes "a wide range of sanctions" for a party's failure to comply with

15  discovery rules or court orders enforcing them.  Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d

16  585, 589 (9th Cir. 1983).  Penalizing a party "for dilatory conduct during discovery proceedings"

17  is discretionary.  Bollow v. Federal Reserve Bank of San Francisco, 650 F.2d 1093, 1102 (9th

18  Cir. 1981) (citing Fed. R. Civ. P. 37(a)(4)).  Rule 37(d) permits a potpourri of sanctions for

19  failure to attend own deposition or serve answers to interrogatories, including the sanction of

20  dismissal pursuant to Rule 37 (b)(C).

21        Rule 37 is flexible, but the reason for the discovery transgression is important:

22        If the failure is because of inability to comply, rather than because
          of willfulness, bad faith, or any fault of the party, the action should
23        not be dismissed, nor a default judgment given, and less severe
          sanctions are the most that should be invoked.

24

25  8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure

26  §2284 (1994); see also, e.g., Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338

1  (9th Cir. 1985) ("'Where the drastic sanction of dismissal . . . [is] imposed . . . the range of

2  discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or

3  bad faith,'" quoting Sigliano v. Mendoza, 642 F.2d 309, 310 (9th Cir.1981); G-K Properties v.

4  Redevelopment Agency, 577 F.2d 645, 647-48 (9th Cir.1978) (bad faith crucial in Rule 37

5  dismissal, citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.

6  Ct.  2778 (1976)); Henry v. Gill Industries, Inc, 983 F.2d 943, 946, 948-49 (9th Cir.1993)

7  (reviewing Rule 37 dismissal under multiple factors, including willfulness, bad faith or fault);

8  Porter v. Martinez, 941 F.2d 732, 733 (9th Cir.1991) (reviewing Rule 37 default judgment

9  pursuant to multiple factors including bad faith); Wanderer v. Johnston, 910 F.2d 652, 655-56

10  (9th Cir.1990) (same).

11         In addition to Rule 37 sanctions, "[c]ourts are invested with inherent powers that

12  are 'governed not by rule or statute but by the control necessarily vested in courts to manage their

13  own affairs so as to achieve the orderly and expeditious disposition of cases.'"  Unigard Sec. Ins.

14  Co. v. Lakewood Engineering & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992) (quoting

15  Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132 (1991)); accord

16  Anheuser-Busch, Inc. v. Natural Beverage Distributors, 69 F.3d 337, 348 (9th Cir. 1995)

17  (recognizing inherent power to dismiss counterclaim for concealing discovery documents); Winn

18  v. Associated Press, 903 F. Supp. 575, 580 (SDNY 1995) (imposing monetary sanctions for

19  deliberately impeding discovery and willful noncompliance with document production).

20         Five other relevant factors also determine whether severe sanctions are

21  appropriate:

22         (1) the public's interest in expeditious resolution of litigation;
       (2) the court's need to manage its docket;
23         (3) the risk of prejudice to the other party;
       (4) the public policy favoring disposition of cases on their merits;
24         and
       (5) the availability of less drastic sanctions.

25

26  Wanderer, 910 F.2d at 656 (default judgment for defendants' failure to comply with discovery);

1   Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.1987).

2          Plaintiffs' opposition and other filings for the most part attempt to argue the

3   merits of their case.   In regard to discovery, plaintiffs state that they are not lawyers and are

4   attempting to comply with their obligations in good faith.  Former attorney Fletcher withdrew

5   from the case on February 7, 2007.  Both before and since that time, plaintiffs have been given

6   numerous opportunities to comply with their discovery obligations.  On August 29, 2006,

7   plaintiffs were first ordered to produce all discovery requested by defendants, as outlined above,

8   without objection.  Defendants brought another discovery motion in October, 2006; however, the

9   motion was stayed pending outcome of settlement proceedings.  After further proceedings

10  leading to the withdrawal of plaintiffs' counsel, defendants moved to strike more than 24 filings

11  by the now pro se plaintiffs.  That motion was granted on April 24, 2007.  At that time, the court

12  addressed defendants' previous motion for sanctions filed in conjunction with their motion to

13  compel.  Plaintiffs were given one more opportunity to avoid such penalties by producing

14  outstanding discovery in court on May 24, 2007.  At that time, plaintiffs were warned that failure

15  to comply with the order would "result in severe sanctions, including the possibility of dismissal

16  of this case."  (Docket # 75.)  After the parties appeared in court on May 24, 2007 with former

17  counsel Fletcher who turned over all documents in his possession to plaintiffs, plaintiffs were

18  ordered to produce the original videotape as previously requested by defendants, by 2:00 p.m.

19  that day.  Plaintiffs were also directed to produce all discovery not previously produced within

20  five days of the hearing.  Order, filed May 30, 2007.  Defendants' motion demonstrates that

21  plaintiffs failed to obey all of the aforementioned orders.

22          Because plaintiffs' current opposition(s) do not address the merits of defendants'

23  motion, the court has turned to plaintiffs' previous filings in an attempt to ascertain their

24  willfulness or lack thereof.  In a previous opposition to an earlier version of the motion to

25  dismiss, plaintiffs stated they were aware of a 25 interrogatory limit, but that defendants served

26  them with 150 questions each for a total of 300 interrogatories.  Oppo., filed October 9, 2007.

1  Since the parties did not attach the discovery at issue, it is impossible to verify this claim.

2  Nevertheless, plaintiffs (improperly) filed some of their responses to discovery on May 29, 2007.

3  It appears that set one of the interrogatories contained a total of 18 interrogatories, or two for

4  each individually named defendant.  The second set of interrogatories contained 7 interrogatories.

5  These numbers do not violate the Federal Rules of Civil Procedure.

6  These discovery responses by plaintiffs on May 29, 2007 respond only to the

7  interrogatories, and appear to be incomplete.  Plaintiffs have made a notation on page 25 of the

8  filing which states: "[p]laintiff has reviewed all boxes containing the case-related documents

9  from former attorney for the Plaintiffs, Jeff Fletcher, and have been unable to locate Set Number

10 One, if there exists such, and Interrogatory No. 1."  The responses do not contain a proof of

11 service.  Plaintiffs' declaration of compliance, filed May 29, 2007, states that they produced the

12 videotape to defendants, signed the interrogatory responses and made copies of all documents in

13 their possession.  It does not state that they produced interrogatory responses or documents to

14 defendants, and it does not appear that they did produce these responses as another filing by

15 plaintiffs, dated one day later, on May 30, 2007, although very difficult to decipher, appears to

16 state in part that plaintiffs were still attempting to comply with the order.[2]  Another document,

17 filed June 25, 2007, is entitled "amended responses answers to plaintiff interrogatories."  These

18 amendments do contain a proof of service, but were filed well beyond the time limit ordered by

19 the court.  Most recently, plaintiffs filed a document purporting to be their supplemental

20 disclosures under Rule 26.  (Docket #178).  This filing, dated June 24, 2008, appears to be

21 photocopies of earlier initial disclosures which were found to be unacceptable, and is filed more

22 than two and a half years after this action was initiated.  No matter how many chances plaintiffs

23 are given to comply with their discovery obligations, they are still unable to follow rules and

24 orders.

25

26    [2] This document is 107 pages long. (Docket # 81.)

1    Plaintiffs failed to respond to defendants' written discovery after being given

2 ample opportunity to do so.  Plaintiffs' response to the instant motion does not convince the court

3 that they have complied with the court's orders.  Plaintiffs continue to blame their ex-attorney,

4 who withdrew months before two of the orders compelling compliance with discovery.  The

5 remainder of the purported oppositions are either impossible to decipher or inappropriately

6 address the merits of the case. (Docket #s 142, 144.)  The court has previously warned plaintiffs

7 that failure to comply with its April 24, 2007 order would result in a recommendation of

8 dismissal.[3]  The court concludes that plaintiffs' failure to participate in discovery and to respond

9 to court orders is willful.

10    The court's need to manage its docket does not permit further devotion of scarce

11 resources to the matter.  See Malone, 833 F.2d at131-32 n.1.  In determining to recommend that

12 this action be dismissed, the court has considered: (1) the public's interest in expeditious

13 resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the

14 defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the

15 availability of less drastic sanctions.  "The first two of these factors favor the imposition of

16 sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus the

17 key factors are prejudice and availability of lesser sanctions." Wanderer, 910 F.2d at 656 (9th

18 Cir.1990).

19    The public's interest in expeditious resolution of litigation and the court's need to

20 manage its docket direct that this case be dismissed.  Defendants are prejudiced by plaintiffs'

21 failure to participate in discovery, and their filing of over hundreds of pages of documents which

22 do not comply with the Federal or Local Rules and violate this court's orders, requiring

23 defendants to file and the court to address at least three motions to strike.  Defendants have also

24 incurred monetary costs in preparing these various motions.  Moreover, delay is nearly always

25

26    [3] The court has elsewhere warned plaintiffs that failure to comply with court orders would result in severe sanctions including dismissal.  Order, filed May 2, 2008, at 2-3.

1   prejudicial.  Plaintiffs have been the major cause of the delay by these aforementioned actions.

2   Plaintiffs have prevented this court from disposing of their case on the merits.  Plaintiffs, through

3   their own admissions and this court's orders, are aware of the requirements under the Local

4   Rules, and their responsibilities to respond to discovery.[4]  The court previously warned plaintiffs

5   that this action is subject to dismissal, deferred defendants' August 14, 2006 motion for

6   sanctions, and gave plaintiffs ample opportunities to comply with their discovery obligations, all

7   to no avail.  Plaintiffs have violated this court's orders without any justification.  It is just not

8   acceptable at this stage of the proceedings to have discovery outstanding for over two and a half

9   years, in a case that has been pending since November, 2005.  The court therefore concludes that

10  there is no suitable alternative less drastic sanction to dismissal.

11  CONCLUSION

12          For the reasons stated herein, IT IS RECOMMENDED that defendants' motion to

13  dismiss, filed May 27, 2008, be granted and this action dismissed.

14          These findings and recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

16  (10) days after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections

19  shall be served and filed within ten (10) days after service of the objections.  The parties are

20  advised that failure to file objections within the specified time may waive the right to appeal the

21  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22  DATED: 07/17/08                                    /s/ Gregory G. Hollows

23                                                     _____
                                                       U. S. MAGISTRATE JUDGE
    GGH:076/Anderson2321.mts

24

25  _____

26     [4]  In their May 29, 2007 filing, plaintiffs state that they obtained copies of the Federal
    Rules of Civil Procedure and the Local Rules.  (Docket # 79.)